## FIRST CLAIM FOR RELIEF
### (For Excessive Police Force in Violation of 42 U.S.C. §1983 as against Defendant John Does)

53. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 52, inclusive, as though fully set forth herein.

54. Plaintiff has the right, pursuant to the United States Constitution and the Fourth and Fourteenth Amendments thereto, to be free from brutal police conduct and the application of undue or excessive force during the course of an arrest (and after the arrest) by those acting under color of state law.

55. Defendant John Does violated Plaintiff's constitutional rights when they punched, kicked, and even stood on Plaintiff while he was handcuffed and lying face-first on the concrete sidewalk, after which one Defendant John Doe lifted Plaintiff from the ground by the handcuffs.

56. Defendant John Does violated Plaintiff's constitutional rights when, at the hospital, they ignored Plaintiff's requests to loosen his handcuffs even after he communicated that he was in pain and showed them his injured wrists.

57. Defendant John Does took these aforementioned actions against Plaintiff while acting under color of state law, during the course, and within the scope, of their employment by Defendant City of New York.

58. The actions of Defendant John Does caused Plaintiff to sustain the serious injuries set forth above, along with diminished future wages and past and future medical expenses.

59. The actions taken by Defendant John Does against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (For Failure to Protect/Intervene in Violation of 42 U.S.C. §1983 as against Defendant John Does)

60. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 59, inclusive, as though fully set forth herein.

61. Pursuant to the United States Constitution and the Fourth and Fourteenth Amendments thereto, police officers have an affirmative duty to protect the constitutional rights of citizens by intervening during the unlawful use of excessive force by other police officers in their presence.

62. Defendant John Does violated Plaintiff's constitutional rights when they stood just feet away from other police officers as they used unlawful excessive force against Plaintiff in their presence, yet did not intervene to protect Plaintiff.

63. Defendant John Does were standing just feet away from the lengthy use of excessive force by other police officers and thus had sufficient time, and a realistic opportunity, to intervene on Plaintiff's behalf.

64. Defendant John Does took these aforementioned (in)actions against Plaintiff while acting under color of state law, during the course, and within the scope, of their employment by Defendant City of New York.

65. The failure of Defendant John Does to intercede on behalf of Plaintiff during the Incident caused Plaintiff to sustain the serious injuries set forth above, along with diminished future wages and past and future medical expenses.

66. The aforementioned actions taken (or not taken) by Defendant John Does against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (For Municipal Liability as against Defendant City of New York)

67. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 66, inclusive, as though fully set forth herein.

68. Defendant John Does each violated Plaintiff's rights protected by the United States Constitution by engaging in one or more of the unconstitutional acts set forth below against Plaintiff while acting under color of state law, during the course, and within the scope, of their employment by Defendant City of New York.

69. Defendant City of New York and the NYPD, through its policymakers, servants, and employees, have authorized, sanctioned, ratified, and/or tolerated Defendant John Does' unconstitutional acts set forth below.

70. Defendant City of New York and the NYPD, through its policymakers, servants, and employees, have displayed a deliberate indifference in failing to properly intercede, train, and supervise its officers to prevent the unconstitutional acts set forth below from happening.

71. Defendant John Does each took part in one or more of the following unconstitutional customs, practices, procedures, and rules promulgated, or consistently tolerated, by Defendant City of New York and the NYPD:

   a. using excessive force, such as punching and kicking, against arrestees who are already handcuffed;

   b. failing to intervene and protect an arrestee while other police officers are using excessive force in their presence;

   c. failing to report, and discouraging police officers from reporting, the unlawful acts of other police officers; and

   d. abusing handcuffs by (1) picking arrestees up from the ground by the handcuffs; (2) refusing to loosen handcuffs after a detainee complains to officers about pain; and/or (3) refusing to loosen handcuffs when an officer notices that a detainee is cut, bleeding, and/or bruised at the wrists.

72. The duration and frequency of these unconstitutional practices warrant a finding of either constructive or actual notice that these practices have become so widespread and customary among NYPD officers so as to constitute *de facto* policies, such that the need for corrective action or supervision was obvious and policymakers' failure to investigate or rectify the situation evidences a deliberate indifference.

73. Plaintiff's injuries were a direct and proximate result of Defendant City of New York's ratification and/or tolerance of the unconstitutional *de facto* practices set forth above, as well as its failure to properly supervise, train, and discipline its police officers.

74. At this early stage of litigation, Plaintiff has no realistic way to learn about Defendant City of New York's training programs with respect to the policies and procedures involving any of the issues raised above without discovery.

## FOURTH CLAIM FOR RELIEF
### (For Assault as against Defendants)

75. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 75, inclusive, as though fully set forth herein.

76. During the Incident, Defendant John Does, individually, intentionally placed Plaintiff in apprehension of imminent harmful, offensive contact without justification or privilege.

77. Defendant John Does' actions caused Plaintiff to sustain the serious injuries set forth above, along with diminished future wages and past and future medical expenses.

78. Defendant John Does took these aforementioned actions against Plaintiff during the course, and within the scope, of their employment by Defendant City of New York.

79. Defendant City of New York is liable for the acts of its agents/employees, including Defendant John Does, taken against Plaintiff during the course, and within the scope, of their employment by Defendant City of New York.

80. The aforementioned actions taken by Defendant John Does against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

81. Plaintiff's claim for relief falls within one or more of the exemptions set forth in New York Civil Practice Law and Rules ("CPLR") §1602.

### FIFTH CLAIM FOR RELIEF
#### (For Battery as against Defendants)

82. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 82, inclusive, as though fully set forth herein.

83. During the Incident, Defendant John Does intentionally initiated wrongful physical contact with Plaintiff without justification or consent.

84. Defendant John Does actions caused Plaintiff to sustain the serious injuries set forth above, along with diminished future wages and past and future medical expenses.

85. Defendant John Does took these aforementioned actions against Plaintiff during the course, and within the scope, of their employment by Defendant City of New York.

86. Defendant City of New York is liable for the acts of its agents/employees, including Defendant John Does, taken against Plaintiff during the course, and within the scope, of their employment by Defendant City of New York.

87. The aforementioned actions taken by Defendant John Does against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

88. Plaintiff's claim for relief falls within one or more of the exemptions set forth in CPLR §1602.