## SIXTH CLAIM FOR RELIEF
### (For Negligent Use of Excessive Force as against Defendants)

89. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 89, inclusive, as though fully set forth herein.

90. Defendant John Does had a duty to Plaintiff to use reasonable force and avoid excessive and unreasonable force when effectuating his arrest.

91. Defendant John Does had a further duty to use the same degree of care that would reasonably be used by a police officer or other police personnel under similar circumstances.

92. Defendant John Does breached these duties when they used excessive and unreasonable force when effectuating Plaintiff's arrest and failed to meet the degree of care that would be expected of a reasonable police officer or other police personnel under similar circumstances.

93. Defendant John Does knew or should have known that their actions were excessive and unreasonable and failed to meet the degree of care that would be used by a reasonable police officer or other police personnel under similar circumstances.

94. Defendant John Does knew or should have known that their actions would cause injuries to Plaintiff.

95. Defendant John Does' actions caused Plaintiff to sustain the serious injuries set forth above, along with diminished future wages and past and future medical expenses.

96. Defendant John Does took these aforementioned actions against Plaintiff during the course, and within the scope, of their employment by Defendant City of New York.

97. Defendant City of New York is liable for the acts of its agents/employees, including Defendant John Does, taken against Plaintiff during the course, and within the scope, of their employment by Defendant City of New York.

98.     The aforementioned actions taken by Defendant John Does against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

99.     Plaintiff's claim for relief falls within one or more of the exemptions set forth in CPLR §1602.

### SEVENTH CLAIM FOR RELIEF
### (For Negligent Training and Supervision as against Defendant City of New York)

100.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 52, excluding Paragraph 8, as though fully set forth herein.

101.    Defendant City of New York has a duty to train and supervise police officers known to have a propensity for violating NYPD protocol.

102.    Defendant City of New York knew or should have known that one or more Defendant John Does had a propensity for using excessive force when effectuating an arrest.

103.    Defendant City of New York knew or should have known that one or more Defendant John Does had a propensity for using excessive force on a handcuffed civilian.

104.    Defendant City of New York knew or should have known that one or more Defendant John Does had a propensity for picking up arrestees from the ground by the handcuffs.

105.    Defendant City of New York knew or should have known that one or more Defendant John Does had a propensity for watching other officers using excessive force without intervening.

106.    Defendant City of New York knew or should have known that one or more Defendant John Does had a propensity for fabricating stories to cover up misconduct.

107. Defendant City of New York breached its duty to Plaintiff by failing to train and supervise officers who have shown the propensity for the actions described above.

108. Defendant City of New York did not make an effort to comply with its own procedures, internal rules, and policies – whether by investigating the Incident internally, having Internal Affairs investigate, or otherwise – and exercised no judgment or discretion in deciding to retain Defendant John Does (although the lieutenant personally knew of the Incident).

109. Defendant City of New York's breach(es) caused Plaintiff to sustain the serious injuries set forth above.

## LEGAL AUTHORITY TO INDEMNIFY DEFENDANT JOHN DOES

110. Defendant City of New York has the legal authority to indemnify any or all of Defendant John Does for any and all damages, whether compensatory or punitive, awarded to Plaintiff as determined at trial.

## DEMAND FOR JURY TRIAL

111. Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff Sean Dyson respectfully requests that this Court enter Judgment in his favor and against the defendants as follows:

a. compensatory and punitive damages as against Defendant City of New York and/or Defendant John Does, jointly and severally, in a combined amount to be determined at trial, but not less than ten million dollars ($10,000,000.00);

b. attorney's fees incurred during this action, pursuant to 42 U.S.C. §1988(b), the determination of which lies within the sound discretion of this Court;

c. costs incurred during this action, pursuant to 42 U.S.C. §1988(b), the determination of which lies within the sound discretion of this Court;

d. expert fees incurred during this action, pursuant to 42 U.S.C. §1988(c), the determination of which lies within the sound discretion of this Court;

e. all statutory interest on any sums awarded to Plaintiff; and

f. such other and further relief as the Court deems proper and fair.

Dated: New York, New York
August 11, 2011

THE LAW OFFICE OF MARK A. MARINO, PLLC

Mark A. Marino
*Attorneys for Plaintiff Sean Dyson*
276 First Avenue
New York, New York 10009
Tel: 212.748.9552

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

I, SEAN DYSON, hereby affirm, under the penalties of perjury, to the following:

I have read the forgoing Verified Complaint and know the contents thereof and the same is true to my knowledge, except as to the allegations based upon information and belief, and as to those matters, I believe them to be true.

Dated: New York, New York
       August 17, 2011
       12 S.C.

_____
Sean Dyson

Sworn to and subscribed before me
this  12  day of August, 2011.

_____
Notary Public

SHAUNTELLE CONCEPCION
Notary Public - State of New York
No. 01CO6211085
Qualified in Queens County
My Commission Expires Sept. 8, 2013